IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MUNICIPAL ASSOCIATION OF SOUTH CAROLINA | : | NO. 09-1712 |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                                      **July 2, 2009**

      Harleysville Mutual Insurance Company, a Pennsylvania corporation with its principal place of business in Pennsylvania, seeks a judgment declaring that the defendant Municipal Association of South Carolina's ("MASC") practices of assessing, imposing and collecting business license taxes on flood insurance premiums paid on policies insuring properties in South Carolina pursuant to the National Flood Insurance Program is prohibited under federal law and the United States Constitution. In essence, it claims that federal law preempts the state law that enables the imposition of the tax. Contending that there is neither general nor specific jurisdiction over it, MASC has moved to dismiss the complaint. Alternatively, it moves for transfer to the District Court in South Carolina on *forum non conveniens* grounds.

      Without reaching the issue of jurisdiction, we conclude that the private and public interest factors weigh in favor of transferring this action to the District of South Carolina where the defendant and the municipalities it represents are located, and the state law central to the dispute is enforced. Therefore, MASC's motion to transfer will be granted.

      MASC is a non-profit organization existing under South Carolina law. It administers

the Insurance Tax Collection Program on behalf of South Carolina municipalities and collects business license taxes from insurance companies that write property and casualty policies in those municipalities. The tax is enabled by a South Carolina statute. S.C. Code Ann. §38-7-160. Among the insurance premiums taxed are those paid on flood insurance policies issued pursuant to the flood insurance program underwritten by the Federal Emergency Management Agency ("FEMA").

On April 9, 2007, Senior District Judge Matthew J. Perry, Jr. of the United States District Court for South Carolina, Columbia Division, ruled that an insurance company issuing policies in the flood insurance program is not exempt from the tax. Since Judge Perry's ruling, MASC has instituted actions against insurance companies to collect taxes on premiums for flood insurance. Those pending actions, which have been consolidated before Judge Perry, implicate the issue that is presented in this action.

**Legal Standard**

A defendant moving for transfer of venue bears the burden of demonstrating that (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and witnesses; and (3) the proposed transfer will be in the interest of justice. 28 U.S.C. § 1404(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Once the defendant establishes that the action could have been brought in the proposed district, the court must weigh several private and public interest factors to determine whether the balance of convenience tips in favor of transfer. *Jumara*, 55 F.3d at 879-80.

Among the factors considered when determining whether transfer is more

convenient for the parties and in the interest of justice are: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties as demonstrated by relative financial status and physical location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the witnesses; (8) the practical problems that make trial of a case expensive and inefficient; and, (9) "public interest" factors, such as congestion of court dockets and the relationship of the jury and the community to the underlying district. *Jumara*, 55 F.3d at 879-80. Depending on the nature and facts of the case, these factors overlap and are intertwined.

Because the analysis involved is "flexible and individualized," the district court has broad discretion in deciding a motion for transfer of venue. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Despite this wide latitude, a transfer motion is not to be granted without a careful weighing of factors favoring and disfavoring transfer. *See Shutte*, 431 F.2d at 24-25.

The plaintiff's choice of forum typically receives "paramount consideration." *Shutte v. Armco Steel Corp.*, 431 F. 2d 22, 25 (3d Cir. 1970). This preference is stronger when the plaintiff and its attorneys are located in the forum. Here, the forum is the home district of the plaintiff and its attorneys. Its operations are centered here. Consequently, this district is more convenient for the plaintiff.

In this case, however, the plaintiff's forum, while given deference, is not controlling. Despite Harleysville's connection to this forum, it appears that the motivating factor in its selection of this forum is to avoid a prior ruling unfavorable to an insurance company in the same situation as Harleysville. In that case, *Municipal Ass'n of South Carolina v. Omaha*

*Prop. & Cas. Ins. Co.*, C.A. No. 3:06-467-MJP (D.S.C. Apr. 9, 2007), MASC sued to recover past due municipal business license taxes and penalties.  The defendant insurance company argued that the tax was an impermissible tax by a municipality on the federal government because the flood insurance policies were issued pursuant to the National Flood Insurance Program, a federally subsidized flood insurance program.  *Id*. at 1.  Judge Perry held that the municipal license taxes and fees are not a tax on the federal government and federal law does not preempt the claim for such taxes.  *Id.* at 13, 19.  Summarizing, Judge Perry said, "[N]othing in the Arrangement between Omaha Property and FEMA expressly or impliedly exempts Omaha Property from paying assessed business license taxes like every other insurance company in the state."  *Id.* at 19.  Harleysville understandably perceives Judge Perry's ruling as an impediment to its prevailing.

MASC prefers the South Carolina forum.  It is a South Carolina non-profit organization with all of its member municipalities in that state.  Additionally, its attorneys, who have been representing it in various other proceedings to collect and uphold the same tax, maintain their offices there.

Although Harleysville operates out of Pennsylvania, the issue in this case arises out of claims in South Carolina.  That is where the insured properties, which give rise to the premiums that are taxed, are situated, and where the tax itself is imposed.  The tax is premised on the privilege of doing business in South Carolina municipalities.  Thus, consideration of where the claim arose favors South Carolina.

The facts are not in dispute.  The controversy is over a legal issue.  Little, if any, testimony from witnesses will be necessary.  At oral argument, counsel for Harleysville

conceded that there may be no need for testimony.  Therefore, the factors with respect to the relative ease of access to the sources of proof, the convenience of the parties, the availability of compulsory process and the convenience of the witnesses and concerns of expense and efficiency are not implicated in the transfer analysis here.

The public interest factors favor transfer.  The tax at issue is authorized by the state of South Carolina and is imposed by municipalities in that state.  The citizens of South Carolina deserve to have the constitutionality of one of its state's laws determined by a federal court sitting in its state and not some foreign state.

Judicial economy and consistency also favor transfer.  The issue raised in this action has been presented to and decided by Senior District Judge Perry in the District of South Carolina.  He is familiar with the necessary facts and the issues involved.  To have another district court, which is not a circuit court of appeals, consider the same issue is inconsistent with principles of comity and economy.  If Harleysville wants a "fresh look" at the issue, as it urged at oral argument, it can get that from the circuit court.  Thus, public interest factors weigh in favor of transfer.

## Conclusion

After giving deference to the plaintiff's choice of forum and weighing all of the *Jumara* factors, the balance tilts in favor of transfer.  Therefore, the motion to dismiss will be denied and the motion to transfer will be granted.